NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORNE STENSON,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2024–2003

---

Petition for review of the Merit Systems Protection Board in No. CH–1221–18–0492–W–1.

---

Decided:  September 4, 2025

---

LORNE STENSON, Old San Juan, PR, pro se.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Lorne Stenson served as a Deputy United States Marshal for the Department of Justice since February 23, 2007. In the present matter, Mr. Stenson has alleged that the Department took various retaliatory actions against him in violation of whistleblower protection laws, 5 U.S.C. § 2302(b)(8) and (b)(9). He sought relief from the Merit Systems Protection Board (Board). A Board-assigned administrative judge denied his request for corrective action, and the full Board affirmed the administrative judge's decision with modifications. We now affirm.

I

Mr. Stenson worked as a Deputy United States Marshal for the Northern District of Illinois. Respondent's Supplemental Appendix (S. Appx.) 2, 1359. In September 2012, he testified in a criminal case brought against a colleague, Deputy Linder, in that district. *See United States v. Linder*, No. 12-cr-00022, 2013 WL 812382 (N.D. Ill. Mar. 5, 2013) (*Linder*). The indictment in the case charged use of excessive force against a prisoner and attempted concealment of information during the investigation of the incident at issue. S. Appx. 34–35, 619. On August 13, 2013, Mr. Stenson wrote a memorandum alleging that he observed a different colleague, Deputy Kozeluh, using excessive force while transporting a prisoner. S. Appx. 44, 689.

In October 2013, Mr. Stenson initiated a complaint with the United States Office of Special Counsel (OSC), alleging that he faced workplace retaliation after testifying in *Linder* and after writing his August 13, 2013 memorandum regarding Deputy Kozeluh. S. Appx. 36–38, 2651. Mr. Stenson amended that complaint on various occasions to include alleged retaliation in the form of a variety of personnel actions, including removal from some warrant-related work, a temporary reassignment to a different work location, a psychological evaluation, two suspensions, retaliatory investigations, and a hostile work environment.

S. Appx. 37–38, 1729–30.  OSC closed its investigation of the incident on June 7, 2018.  S. Appx. 37–38.

On July 24, 2018, Mr. Stenson timely filed an Individual Right of Action (IRA) appeal with the Board.  He alleged that the Department of Justice (the parent agency of Mr. Stenson's employer, the United States Marshal Service) retaliated against him—for his testimony in *Linder*, his August 13, 2013 memorandum, and (relatedly) his OSC complaint—in contravention of the Whistleblower Protection Act.  The Board assigned Mr. Stenson's appeal to an administrative judge, who interpreted OSC's closure letter as evidence that Mr. Stenson exhausted the required OSC process for the disclosures involved in his IRA appeal.  S. Appx. 39; *see* 5 U.S.C. §§ 1214(a), 1221.

In an initial decision, the administrative judge denied Mr. Stenson's request for corrective action and held that the extensive factual record did not support his allegations that the personnel actions were made in response to a protected disclosure or a protected activity.  S. Appx. 33–34; *see* 5 U.S.C. § 2302(b)(8)(A)–(b)(9).  The administrative judge found that Mr. Stenson's *Linder* testimony was temporally far removed from his suspension and that the record did not support his contention that his supervisor took personnel actions with any prior knowledge of his testimony.  S. Appx. 20, 109, 119.  With respect to the August 13, 2013 memorandum and the OSC complaint, the administrative judge found that Mr. Stenson failed to prove that his August 13, 2013 memorandum was a protected disclosure, S. Appx. 72, and the administrative judge did not analyze Mr. Stenson's OSC complaint as a protected disclosure separate from the August 13, 2013 memorandum.  S. Appx. 80.  The administrative judge concluded that the factual record revealed numerous instances of Mr. Stenson's unprofessional conduct, justifying the agency's personnel actions.  *See, e.g.*, S. Appx. 101–02 (lying to

supervisors); S. Appx. 99 (leaving work early without authorization).

Mr. Stenson filed a petition for full Board review of the administrative judge's initial decision. The Board denied the petition and affirmed the initial decision with modifications. S. Appx. 2. In its final order, the Board modified the administrative judge's holdings concerning the August 13, 2013 memorandum and the OSC complaint. The Board found that the August 13, 2013 report of excessive force amounted to a protected disclosure under 5 U.S.C. § 2302(b)(8)(A) and that Mr. Stenson's OSC complaint constituted a distinct protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). S. Appx. 2, 4, 8. Nevertheless, the Board determined that the agency would have taken the same personnel actions even in the absence of Mr. Stenson's protected disclosures and activities. S. Appx. 2, 9. Mr. Stenson timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Factual findings are reviewed for substantial-evidence support. *McGuffin v. Social Security Administration*, 942 F.3d 1099, 1107 (Fed. Cir. 2019). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229 (1938); *see Consolo v. Federal Maritime Commission*, 383 U.S. 607, 619–20 (1966).

To prevail in his IRA appeal to the Board seeking corrective action for alleged whistleblower reprisal, Mr. Stenson had to demonstrate to the Board that (1) he engaged

in a whistleblowing activity by making a protected disclosure or by pursuing a protected activity and that (2) the protected disclosure or activity was a contributing factor in the supervisors' decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *See* 5 U.S.C. § 2302(b)(8)(A)–(b)(9); 5 U.S.C. § 1221(e); *Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373 (Fed. Cir. 2016). Whistleblowing activity can be shown to have been a contributing factor "through circumstantial evidence, such as evidence that . . . (A) the official taking the personnel action knew of the disclosure . . .; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure . . . was a contributing factor in the personnel action." 5. U.S.C. § 1221(e)(1). Where a complainant demonstrates that the whistleblowing activity was a contributing factor in the personnel action, the agency may nevertheless prevail by presenting clear and convincing evidence that it would have taken the same action even in the absence of the protected disclosure or activity. *See* 5 U.S.C. § 1221(e)(2); *Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998)

The Board agreed that Mr. Stenson carried his burden in showing the first element of whistleblower reprisal— that he made a protected disclosures or engaged in a protected activity under 5 U.S.C. § 2302(b)(8)–(b)(9). S. Appx. 3–8. The Board found that the August 13, 2013 report constituted a protected disclosure, S. Appx. 4–5, and that Mr. Stenson's OSC complaint was a protected activity, S. Appx. 8–9. As to the second element, the Board found that, to the extent Mr. Stenson's *Linder* testimony, OSC complaint, and August 2013 memorandum were contributing factors in the agency's personnel decisions, the agency presented clear and convincing evidence that it would have taken the same actions absent Mr. Stenson's protected disclosures. S. Appx. 9–23.

In this case, there is no dispute about exhaustion or about the sufficiency of the allegation that the agency took qualifying personnel actions (suspensions, removal from warrants). *See* S. Appx. 8 n.5; 5 U.S.C. § 2302(a)(2)(A). The dispute is limited to the whistleblowing-activity and contributing-factor elements. For the reasons below, we see no basis for setting aside the Board's decision.

## III

Mr. Stenson's arguments amount to requests that this court reweigh the evidence relevant to the Board's findings on the disputed issues. Specifically, he challenges the findings that his August 2013 memorandum contained reckless accusations and that he was otherwise engaged in unprofessional conduct. Stenson's Opening Brief at 3–6, 7–10. He challenges the Board's consideration of hearsay evidence from his supervisors regarding his workplace conduct. *Id.* at 15. He contends that this court should broadly reconsider the evidence and the Board's application of law to the evidence. *Id.* at 18–20.

As to Mr. Stenson's hearsay argument, we see no reason to disturb the Board's factual findings. There is no identified legal error. Hearsay evidence is admissible in these administrative proceedings. *See Hayes v. Department of the Navy*, 727 F.2d 1535, 1538 (Fed. Cir. 1984) ("[I]t has long been settled that [hearsay] may be used in administrative proceedings."). Procedural matters, "such as the admissibility of . . . hearsay, fall within the sound discretion of the Board and its [administrative judges]." *Kewley*, 153 F.3d at 1364. Mr. Stenson does not show that, in these particular circumstances, the administrative judge abused her discretion in admitting the evidence.

Turning to Mr. Stenson's remaining evidentiary arguments, we conclude that substantial evidence supports the Board's decision. Our task under the substantial evidence standard of review is not to reweigh the evidence and make our own findings. *Jones v. Department of Health & Human*

*Services*, 834 F.3d 1361, 1369 (Fed. Cir. 2016). It is only to ensure that the Board, as finder of fact, did not make findings beyond what the evidence reasonably allows (even if it also would allow different findings). *See Consolo*, 383 U.S. at 620 (stating that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence"). Mr. Stenson cites the same evidence and raises substantially the same arguments rejected by the administrative judge and the Board. He does not demonstrate that the administrative judge and Board were unreasonable in reaching their findings. Indeed, he does not identify with specificity other record evidence that would so demonstrate. Unsubstantiated assertions are not evidence. *Jones*, 834 F.3d at 1369 (citing *Poett v. Merit Systems Protection Board*, 360 F.3d 1377, 1381 (Fed. Cir. 2004)).

Mr. Stenson further argues that the Board incorrectly applied the appropriate legal framework to the factual evidence. He contends that the agency did not demonstrate by clear and convincing evidence that it would have taken the personnel actions in the absence of his protected activities. Stenson's Opening Brief at 9. To carry this burden, agencies properly apply the nonexclusive factors described in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). *See Miller v. Department of Justice*, 842 F.3d 1252, 1257 (Fed. Cir. 2016). These factors include: "'[1] the strength of the agency's evidence in support of its personnel action; [2] the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and [3] any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.'" *Miller*, 842 F.3d at 1257 (quoting *Carr*, 185 F.3d at 1323).

The Board applied the *Carr* factors and found, with adequate support, that the agency successfully rebutted Mr.

Stenson's prima facie case of retaliation. S. Appx. 23. The agency provided substantial evidence detailing Mr. Stenson's unprofessional conduct, which gave the agency ample reason to take, and that it would have relied on to take, the personnel actions at issue, wholly apart from the protective disclosures and activity. *See, e.g.*, S. Appx. 673–81 (describing eight specifications of Mr. Stenson's "conduct unbecoming" charges). Applying *Carr*, the Board reasonably found that the agency's slight motive to retaliate against Mr. Stenson was outweighed by Mr. Stenson's unprofessional conduct. *See, e.g.*, S. Appx. 22–23.

## IV

We have considered Mr. Stenson's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's denial of Mr. Stenson's petition for corrective action.

The parties shall bear their own costs.

**AFFIRMED**